# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

POMPANO SENIOR SQUADRON FLYING CLUB, INC.
(aka POMPANO BEACH FLYING CLUB)

      Plaintiff,

v.                                                    Case No.: CACE 20-005993
                                                      Division (8)

CARL L. KENNEDY, II

      Defendant

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED VERIFIED COMPLAINT

1. Admitted.

2. Admitted in part, denied that Mr. Kennedy is a resident of Broward County.

3. Admitted.

4. Defendant is without knowledge, therefore denied.

5. Denied.

6. Defendant is without knowledge, therefore denied.

7. Defendant is without knowledge, therefore denied.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Admitted.

15. Admitted.

16. Denied.

17. Defendant is without knowledge, therefore denied.

## COUNT I
## ACCOUNTING

18. Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 17 above.

19. Admitted for jurisdictional purposes only.

20. Defendant admits that as treasurer he was in a fiduciary relationship with Plaintiff.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT II
## VIOLATION OF § 817.535, Fla. Stat.

25. Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 17 above.

26. Admitted for jurisdictional purposes only.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT III
## BREACH OF FIDUCIARY DUTY

37. Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 17 above.

38. Admitted for jurisdictional purposes only.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As to the action for an accounting Plaintiff has failed to state a cause of action since Defendant has provided Plaintiff with each and every document Defendant has in his possession, care, or control related to the Plaintiff, Flying Club, and no further relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As to the action for an accounting Plaintiff has failed to state a cause of action pursuant to *Bernardele v. Bonorino*, 608 F. Supp.2d 1313, 1329 (S.D. Fla. 2009), since Plaintiff failed to allege any ultimate facts that Defendant committed fraud.

### THIRD AFFIRMATIVE DEFENSE

3. As to the action for a violation of § 817.535, Fla. Stat. Plaintiff has failed to state a cause of action pursuant to *Dragash v. Federal National Mortgage Association*, 700 Fed. Appx. 939 (11th Cir. 2017), since Plaintiff failed to allege it has suffered any specific damages as a result of the liens.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Plaintiff's complaint makes any claim which is outside of the applicable statute of limitations, Plaintiff's claims must be barred.

### FIFTH AFFIRMTIVE DEFENSE

5. Plaintiff's claims are barred either in whole or part by the doctrine of equitable estoppel since Plaintiff benefitted substantially from Defendant's time as Treasurer and approved of all actions and inactions. Plaintiff therefore must be barred from changing its position after Defendant justifiably relied on Plaintiff's previous position regarding conduct as its former Treasurer.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant did not breach any fiduciary duty by using the his credit card since all payments made by Plaintiff were for business related expenses.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claim for an accounting is barred to the extent that Plaintiff has an adequate legal remedy.

**EIGHTH AFFIRMTATIVE DEFENSE**

8. Plaintiff's claim for a breach of fiduciary duty is barred either in whole or in part because any award of damages would constitute unjust enrichment because Defendant expended a considerable amount of labor performing accounting work which substantially reduced Plaintiff's debt to a third party creditor.

**NINETH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred since Plaintiff has waived any cause of action or claims it may have against Defendant by reason of Plaintiff's own actions and course of conduct. Specifically, Plaintiff Flying Club ratified and approved the loans Defendant procured on behalf of the Flying Club as well as the liens securing those loans.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are barred by the doctrine of ratification since all actions taken by Defendant were either expressly or implicitly approved, consented to, and ratified by the Board of Directors in office during Defendant's tenure as Plaintiff's Treasurer.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred by the Business Judgment Rule. All actions or inactions were taken or not taken, in good faith, in the best interest of Plaintiff Flying Club and in accordance with the corporation's Bylaws.

**THIIRTEENTH AFFIRMTIVE DEFNESE**

13. Plaintiff's claim for breach of fiduciary duty is barred either in whole or part because Plaintiff is liable for unpaid accounting work performed by Defendant and used to reduce Plaintiff's debt to a third-party creditor and is therefore entitled to a set off in that amount.

**FOURTHEENTH AFFIRMATIVE DEFENSE**

14. The claims set forth in the complaint in this action are barred under the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The claims set forth in the complaint in this action are barred by the doctrine of unclean hands.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of January 2022 a copy of the foregoing was e-filed and delivered to Edward F. Holodak, Esq., 7951 SW 6th St., Suite 210, Plantation, FL 33324, pleadings@holodakpa.com.

THE LAW OFFICES OF SCOTT J. KALISH, PLLC.

*/s/ Scott J. Kalish*
**SCOTT J. KALISH, ESQUIRE**
Florida Bar No.: 118292
scott@scottjkalishlaw.com
**DARA A. JAGGARS, ESQUIRE**
Florida Bar No.: 1018603
dara@scottjkalishlaw.com
2161 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409
(954)-990-9307
***Attorney for Defendant***