UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 22-15714-PDR |
| POMPANO SENIOR SQUADRON FLYING CLUB, INC., a Florida corporation, | Chapter 11 (Subchapter V) |
| Debtor. _____/ | |
| POMPANO SENIOR SQUADRON FLYING CLUB, INC., a Florida corporation, | Adv Proc. No. 22-01236-PDR |
| Plaintiff, | |
| v. | |
| CARL KENNEDY, individually, | |
| Defendant. _____/ | |

## DEBTOR'S BRIEF AS TO WHY THIS COURT SHOULD NOT PERMISSIVELY ABSTAIN

Pompano Beach Senior Squadron Flying Club, Inc. ("Debtor" or "Plaintiff"), by and through undersigned counsel, files *Debtor's Brief as to Why This Court Should Not Permissively Abstain* and states as follows:

1. On July 27, 2022, Pompano Senior Squadron Flying Club, Inc. ("Debtor") filed a voluntary petition under Subchapter V of Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 et seq.) in the Fort Lauderdale Division of the United States Bankruptcy Court for the Southern District of Florida.

2. On August 25, 2022, Debtor filed its *Notice of Removal* with respect to the action commenced by Debtor pre-petition in the Seventeenth Judicial Circuit in and for Broward County, Florida and against Debtor's former treasurer, Carl L. Kennedy, II, Case No. CACE 20-005993 (08) (the "State Court Action"), thereby commencing the above-captioned adversary proceeding. [Doc. #1].

3. The claims made by Debtor in the State Court Proceeding are for an accounting (Count I), filing of false liens in violation of § 817.535 of the Florida Statutes (Count II), and breach of fiduciary duty (Count III).

4. The factual basis for the State Court Action was Kennedy's mishandling of Debtor's funds, thus, the claim for an accounting, as well as Kennedy's unlawful encumbering of Debtor's assets with liens that were neither approved as required by Debtor's By-laws, nor were they supported by valid consideration (Count II). The third count for breach of fiduciary duty is premised on all of the facts supporting Counts I and II.

5. This Court, on November 7, 2022, entered *Order Setting Briefing Schedule on Permissive Abstention*, [Doc. #7], wherein the Court directed Debtor, as Plaintiff herein, to brief why the Bankruptcy Court should not abstain from adjudicating the claims removed from the Florida state court.

6. "Ordinarily 'federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction'" *In re Ohlsson*, 565 F. Supp. 3d 1235, 1241 (M.D. Fla. 2021) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 203, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988)). For that reason and the additional ones that follow, Debtor asserts that this Court should not abstain and should adjudicate the issues in this case.

## Memorandum of Law

**A. FACTORS GOVERNING PERMISSIVE ABSTENTION**

Abstention is governed by paragraph (c)(1) of § 1334 of Title 28, which provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In deciding whether or not to permissively abstain, "Courts look to a host of non-dispositive factors…In so deciding, courts enjoy substantial 'discretion to determine the relative weight afforded each factor.'" *Southstar Capital Grp., I, LLC v. 1662 Multifamily LLC*, No. 6:18-cv-1453-Orl-40DCI, 2019 U.S. Dist. LEXIS 133129, at *9 (M.D. Fla. Aug. 8, 2019) (quoting *In re Phoenix Diversified Inv. Cor.*, 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010). Those factors that courts often consider are:

(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable state law,

(4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to jury trial,

(12) the presence in the proceeding of non-debtor parties,

(13) comity, and

(14) the possibility of prejudice to other parties in the action.

*In re Phx. Diversified Inv. Corp.*, at 245-46 (citing *E.S. Bankest v. United Beverage Florida (In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002)).

As also noted by the court in *In re Phx. Diversified Inv. Corp.* "Courts should abstain from ruling on a controversy within their jurisdiction only in limited, exceptional circumstances." *In re Phx. Diversified Inv. Corp.* at 246. (citing *Hospitality Ventures/LaVista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/LaVista)*, 314 B.R. 843, 850 (Bankr. N.D. Ga. 2004)).

**B. APPLICATION OF FACTORS FOR PERMISSIVE ABSTENTION TO THIS CASE**

The application of the circumstances of this case to the non-dispositive/non-exhaustive factors weigh in favor of the Bankruptcy Court's disposition of the claims in the adversary proceeding because the claims at issue directly affect the *in rem* liens against the estate's primary assets, and the adjudication and resolution of such lien claims will directly impact the plan of reorganization in this matter. It is certainly possible, or even likely, that confirmation of a plan or adjudication of certain claims or lien rights will change the analysis, but at the present posture, the factors strongly weigh against abstention.

First addressing the factors most relevant to this matter, the Debtor/Plaintiff notes:

The disposition of the instant action involves the resolution of facts and law surrounding the former director's asserted promissory notes against the Debtor, and, years later, his recording

of liens which were asserted to be related to such notes.  These facts directly affect the validity, priority, and extent of liens in the Debtor's primary assets, its aircraft. Notably, Kennedy has not filed a proof of claim with respect to these liens, accordingly, if the Debtor were to separately assert an objection to Kennedy's liens, Rule 7001 would require such challenge to be lodged in an adversary proceeding, and such proceeding would be an enumerated core proceeding under 28 USC 157(b)(2)(K).  Here, the matter is in substance and form a core proceeding directly bearing on the administration of property in the plan of reorganization.

It is not feasible to sever the core claims pertaining to lien rights from the damages claims because the claim for damages arises at least in part under the alleged conduct of improperly encumbering the aircraft for his benefit. Admittedly, the Debtor seeks damages for other funds and benefits taken by Kennedy, but it would be wasteful to try the underlying facts only to have a separate trial in state court arising out of additional damages for breach of fiduciary duty.  This would be especially wasteful for the Debtor to try the claims in two courts.

The determination is undoubtedly one of state law but it is not ancillary to the bankruptcy case, it a circumstance in which state law is determinative of core *in rem* rights regarding estate property, and thus determined before the bankruptcy court as part of the ordinary administration of the estate and confirmation of the plan of reorganization. The issues are not particularly unsettled in state law, and do not favor the need for a state court to separately determine lien rights or the Defendant's authority to encumber the Debtor's property.

The proceeding should be resolved by the Bankruptcy Court as part of the core administration of claims and property of the estate. The Debtor did not find the State Court unfavorable or engage in inappropriate forum shopping, the proceeding was removed to ensure the adjudication of such claims in one forum and to avoid multiplicity of litigation over the same

matters (validity, priority, and extent of lien rights), and it should be noted that no remand was sought by the Defendant.

As to the less pertinent factors, this case does not pose an inordinate burden on the Bankruptcy Court, as it does not involve substantially complex facts or law, and neither party has demanded a jury trial. There are no third parties in the adversary proceeding, and there is no prejudice to any such third parties. In fact, the disposition of the lien rights before the Bankruptcy Court permits greater visibility and oversight by interested creditors and parties, and any third party which would be affected by the action would be an alleged successor in interest to Defendant, and have appeared or participated in this Bankruptcy Case.

## Conclusion

For the foregoing reasons, Debtor asserts that this Court should exercise its "unflagging obligation" to exercise jurisdiction over the controversy that is the subject of this adversary proceeding and exercise its discretion so as to not abstain from adjudicating the issues in this case. In the alternative, the Court should defer determination on abstention until following the Court's consideration of the requested plan confirmation, and whether a determination of whether the lien rights at issue remain necessary for adjudication as part of confirmation, or whether they are resolved through the confirmation process.

                        **LORIUM LAW**
*Attorneys for Debtor/Plaintiff*
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000

By: /s/ *Jason E. Slatkin*
    Craig A. Pugatch
    Florida Bar No. 653381
    capugatch@loriumlaw.com
    Jason E. Slatkin
    Florida Bar No. 040370

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Ronald Scott Kaniuk, Esq. via email at ron@kaniuklawoffice.com through the court's CM/ECF system on this 28th day of November, 2022.

/s/ *Jason E. Slatkin*
Jason E. Slatkin
